James O'CONNOR, Plaintiff–Appellee,

v.

Cal TERHUNE, Robert Ayers, and Does 1 to 50, Defendants–Appellants.

No. 01–15517.

D.C. No. CV–00–00066 SI.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided March 4, 2002.

Before NOONAN and TROTT, Circuit Judges, and EZRA,** District Judge.

## MEMORANDUM***

Plaintiff–Appellee James O'Connor ("O'Connor") was formerly a state prisoner at Pelican Bay State Prison ("Pelican Bay"). The former director of the California Department of Corrections and the former warden of Pelican Bay State Prison appeal interlocutorily the district court's denial of qualified immunity in Plaintiff's 42 U.S.C. § 1983 action brought against them. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand with instructions to enter judgment for the defendants dismissing this case on the ground of qualified immunity.

We review the denial of qualified immunity *de novo.* *Branch v. Tunnell,* 937 F.2d

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

\*\* The Honorable David Alan Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1382, 1385 (9th Cir.1991). The test for determining whether an official can be shielded by qualified immunity is two-fold. The court must consider whether (1) "the law governing the conduct was clearly established," and if so, whether (2) "under that law, a reasonable official could have believed his conduct was lawful." *Thompson v. Souza,* 111 F.3d 694, 698 (9th Cir. 1997).

O'Connor alleged that defendants were deliberately indifferent to his safety in violation of the Eighth Amendment by placing him in the general population of Level IV days before his parole date where he was stabbed and after he had been previously attacked in Level I.

Nowhere is it clearly established that a prisoner may not be moved from a lesser classification to a higher classification because of some abstract increase in danger. Here, any reasonable officer would not have understood that the move to Level IV was putting O'Connor unconstitutionally in harm's way; and qualified immunity is appropriate.

A prison official violates the Eighth Amendment when (1) the deprivation alleged is objectively, sufficiently serious, *see Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), and (2) the prison official possesses a sufficiently culpable state of mind, *see id.* In *Farmer,* the Supreme Court held that deliberate indifference to the risk that an inmate will be harmed by other prisoners constitutes a sufficiently culpable state of mind, and is therefore, a violation of the Eighth Amendment. This case lacks any indicia of actionable "deliberate indifference." Accordingly, this case must be dismissed on qualified immunity grounds.

* The panel finds this case appropriate for submission without oral argument pursuant to

**REVERSED AND REMANDED WITH INSTRUCTIONS TO ENTER JUDGMENT FOR THE DEFENDANTS DISMISSING ON QUALIFIED IMMUNITY GROUNDS.**